**Stanley SHERIN, Individually and on behalf of all others similarly situated**

v.

**Irving GOULD, Marshall F. Smith, and Commodore International, Ltd.**

**Civ. A. No. 86–3652.**

United States District Court, E.D. Pennsylvania.

Oct. 8, 1987.

David Zlotnick, Bala Cynwyd, Pa., Donald B. Lewis and Michael Needle, Philadelphia, Pa., for plaintiffs.

Fredric Yerman, New York City, and Ellen Rosen Rogoff, Philadelphia, Pa., for defendants.

### MEMORANDUM

NEWCOMER, District Judge.

The parties to this action seek an Order pursuant to Fed.R.Civ.P. 23(e) and 23.1 approving the proposed settlement of this action in accordance with the stipulation of settlement dated May 28, 1987. Under the proposed settlement, in exchange for consideration described in the settlement agreement, this action would be dismissed

with prejudice and without costs. On June 1, 1987, this Court issued an Order directing that a hearing be held to determine whether the proposed settlement is fair, reasonable and adequate, and whether judgment should be entered dismissing the action. Notice of the proposed settlement and of the hearing was duly given to all members of the class. The hearing was held as scheduled in the class notice on September 14, 1987.

Plaintiffs counsel and defense counsel appeared at the hearing and spoke in favor of the settlement. One objection was filed by mail but the objector did not appear at the settlement approval hearing personally or through counsel. Based upon the submissions of all counsel and the presentations made at the September 14, 1987 hearing, I will approve the settlement.

## I. *Factual Background*

The complaint in this securities fraud class action was filed on or about June 20, 1986 after an extensive review of the relevant publicly available information. Plaintiff asserted a claim for relief under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), as well as pendent common law claims against three defendants—Commodore International, Ltd. (Commodore) and its two principal officers during the proposed class period, Irving Gould and Marshall Smith. The complaint alleged that defendant made various material misrepresentations and commissions during the period from August 9, 1984 through January 28, 1985 with respect to Commodore's financial condition. More specifically, the complaint alleged that, during the class period, defendants predicted Commodore would achieve record sales and earnings although they knew or recklessly disregarded that there was not a reasonable basis for such predictions. Extensive discovery was taken in this case prior to meaningful settlement negotiations which culminated in the May 28, 1987 stipulation of settlement.

## II. *Settlement Terms*

The terms of the proposed settlement are set forth in detail in a settlement agreement dated May 28, 1987. In general terms, the settlement requires the defendants to pay the principal sum of $1,575,000 for the benefit of plaintiff and the class, including attorneys fees and disbursements. In accordance with the stipulation of settlement, the funds were paid into escrow on or about June 1, 1987. The interest earned on those funds is to be paid to the class in addition to the principal amount.

Pursuant to the terms of the stipulation of settlement, each member who timely files a valid proof of claim is entitled to share in the distribution of the settlement proceeds in the proportion that the claimant's losses on purchases of Commodore stock during the class period bear to the total losses of all claimants. For purposes of this computation, those class members who did not sell their stock during the class period are deemed to have sold it at $13.00 per share, which was the price of Commodore stock at the close of business on January 29, 1987.

## III. *Discussion*

"Compromises of disputed claims are favored by the courts." *William v. First National Bank,* 216 U.S. 582, 595, 30 S.Ct. 441, 445, 54 L.Ed. 625 (1910); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir.1974). It is, therefore, "the policy of the law generally to encourage settlements," *Florida Trailer and Equipment Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

According to the Supreme Court: "Courts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement.... They do not decide the cases on their merits or resolve unsettled legal questions." *Carson v. American Brands, Inc.,* 450 U.S. 79, 88 n. 14, 101 S.Ct. 993, 998–99 n. 14, 67 L.Ed.2d 59 (1981), *citing Protective Comm. for Independent Stockholders v. Anderson,* 390 U.S. 414, 424–25, 88 S.Ct. 1157, 1163–64, 20 L.Ed.2d 1 (1968). *See also Girsh v. Jep-*

*son,* 521 F.2d 153, 157 (3d Cir.1975), *citing City of Detroit v. Grunnell Corp., supra,* 495 F.2d at 448 (enumerating factors relevant to consideration of proposed settlement). I also note that in class action settlements, as in other settlements, the parties and counsel are typically in the best position to evaluate the settlement, and their judgments are entitled to considerable weight. *E.g., In re Chicken Antitrust Litigation,* 560 F.Supp. 957, 962 (N.D.Ga. 1980), *aff'd,* 669 F.2d 228 (5th Cir.1982).

█ All counsel to the parties in this action have recommended approval of the settlement as fair and reasonable, and the product of arms-length negotiations. The settlement in this complex securities case was achieved quickly, within a year after the litigation was commenced. The class obtained substantial benefits without having to await the outcome of long and arduous litigation. Had the litigation proceeded, plaintiff would have had to overcome a number of significant legal hurdles and to prevail at trial in order to obtain a recovery of uncertain proportion. In light of all of these factors, I believe that this expeditious settlement is fair, reasonable, adequate and in the best interest of the plaintiff class.

█ One person, Carolyn Givens Katz, objected by mail to the settlement in this action. Her objection, that as an option purchaser she should be included in the class, indicates that she does not object to the actual settlement terms. Ms. Katz, however, does not have standing to object to this settlement because she is not a member of the plaintiff class. The class in this action consists of all persons who purchased *common stock* of Commodore International, Ltd. from October 30, 1984 through January 28, 1985.

Fed.R.Civ.P. 23(e) requires that notice of a proposed settlement must be given to *all members of the class.* In addition, Rule 23(d)(2) contemplates intervention by *class members only.* The Rule 23(e) requirement of court approval of dismissals or compromises seeks to protect the rights and interests of absent *class members.* Ms. Katz objects as an option purchaser, not a common stock purchaser. In her capacity as option purchaser, Ms. Katz is not a member of the class and she lacks standing to object to this settlement. Consequently, the settlement is approved and an appropriate order follows.

### ORDER

AND NOW, this 8th day of October, 1987, it is hereby Ordered as follows:

1. The Stipulation of Settlement is hereby approved by this Court as fair, reasonable, adequate, and the parties are hereby directed to consummate the settlement according to the terms and conditions of the Stipulation of Settlement.

2. This action is dismissed in its entirety on the merits, with prejudice and without costs, and the plaintiff and each member of the plaintiff's class is barred and permanently enjoined from prosecuting against any of the defendants, their past or present parents, subsidiaries, affiliates or any past or present officer, director, agent or other representative of any of them, any individual, derivative or class claim in connection with, arising out of or in any way related to any facts, transactions, omissions or other subject matter set forth, alleged, embraced or otherwise referred to in this litigation.

3. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is not just reason for delay in entering this final judgment in accordance with the terms of the Stipulation of Settlement.

4. This Court reserves jurisdiction with respect to, *inter alia,* the administration of this settlement and the awards to plaintiff and plaintiff's counsel of fees and disbursements.

AND IT IS SO ORDERED.